SUMMARY ORDER
Plaintiffs West Virginia Investment Management Board, Angel A. Burckhart, and Administración de Compensaciones por Accidentes de Automóviles (jointly, “plaintiffs”) appeal from the July 9, 2008 judgment dismissing plaintiffs’ complaint with prejudice. Plaintiffs allege that defendant PricewaterhouseCoopers LLP (“Pricewaterhouse”), along with various others, violated Section 10(b) of the Securities and Exchange Act of 1934 (“Section *719 10(b)”) and Rule 10b-5 promulgated thereunder by issuing four audits and one report for Doral Financial Corporation (“Doral”) between 2000 and 2005 that were materially false. Because of these audits and reports, plaintiffs allege, Doral was able to conceal substantial frauds, which ultimately required Doral to disclose that it had overstated its pre-tax income by $920 million and understated its debt by approximately $3.3 billion. After this earnings restatement, investors suffered substantial losses.
On September 15, 2006, defendants-ap-pellees and other defendants moved to dismiss the complaint. Pricewaterhouse, in particular, moved to dismiss for failure to state a claim on which relief can be granted under Fed.R.Civ.P. 12(b)(6) for failing to plead facts giving rise to the strong inference of scienter required by Fed. R.Civ.P. 9(b) and the Private Securities Litigation Reform Act of 1995, Pub.L. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.) (“PSLRA”). While this motion was pending, all defendants except Pricewaterhouse settled with plaintiffs. In May 2008, the sole remaining claim — the claim against Pricewaterhouse — was reassigned from Judge Owen to Judge Rakoff. After hearing oral argument on June 4 and June 19, 2008, Judge Rakoff granted defendants’ motion to dismiss on July 8, 2008 in a thoughtful and well-reasoned opinion. In re Doral Financial Corp. Securities Litigation, 563 F.Supp.2d 461 (S.D.N.Y.2008). Plaintiffs now appeal. We assume the parties’ familiarity with the facts and procedural history of this case.
We review a district court’s dismissal of a complaint pursuant to Rule 12(b)(6) de novo, “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002); see also ATSI Commc’ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007).
In addition, the PSLRA requires that to successfully state a claim under federal securities law, a plaintiff must “state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.” 15 U.S.C. § 78u-4(b)(2) (emphasis supplied). Under Section 10(b) and Rule 10b-5, the required state of mind is “scienter” or an intent “to deceive, manipulate, or defraud.” Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 313, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). To have a “strong inference” of scienter, as required by the PSLRA, the inference must be such that a “reasonable person would deem the inference of scien-ter cogent and at least as compelling as any opposing inference one could draw from the facts alleged.” Id. at 324, 127 S.Ct. 2499. Plaintiffs may meet this burden by alleging facts “(1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness. ” ATSI Commc’ns, Inc., 493 F.3d at 99 (emphasis added).
When reviewing judgments of a district court that address whether the pleaded facts give rise to a “strong inference” of scienter, courts of appeals “must take into account plausible opposing inferences.” Tellabs, Inc., 551 U.S. at 323, 127 S.Ct. 2499. This includes considering inferences that neither party raised. See generally id.[1]
*720 At issue in this appeal is whether the District Court properly concluded that plaintiffs did not state sufficient facts to raise a strong inference of recklessness. Recklessness is conduct that is “highly unreasonable and which represents an extreme departure from the standards of ordinary care.” Chill v. General Elec. Co., 101 F.3d 263, 269 (2d Cir.1996). In the accounting context, failure “to identify problems with the defendant-company’s internal controls and accounting practices does not constitute reckless conduct sufficient for [Section] 10(b) liability.” Novak v. Kasaks, 216 F.3d 300, 309 (2d Cir.2000) (emphasis added). Similarly, failure to comply with Generally Accepted Accounting Practices or other such irregularities are insufficient to establish recklessness. Id. To rise to the state of mind required, these allegations must be coupled with evidence of “corresponding fraudulent intent.” Id. (citations omitted).
We agree with the District Court that plaintiffs’ numerous allegations of carelessness by Pricewaterhouse do not create a strong inference of scienter. As the Supreme Court observed in Tellabs, Inc., the inference of scienter must be at least as compelling as an opposing inference, though it need not be more probable than not. Tellabs, Inc., 551 U.S. at 314, 127 S.Ct. 2499. In this case, the opposing inference—that Doral concealed its fraud from Pricewaterhouse, just as it concealed its fraud from investors—is objectively more compelling than plaintiffs’ allegations of recklessness. For example, plaintiffs allege that Pricewaterhouse was reckless when it failed to uncover secret side agreements that altered the terms of a sale of securities. But as the plaintiffs themselves allege, these agreements were a tightly-held secret—only a few managers knew of them. If these agreements were kept secret even from Doral’s employees, it seems more plausible that Doral’s managers concealed them from Pricewater-house than that Pricewaterhouse recklessly failed to discover them.
Similarly, plaintiffs allege that Pricewaterhouse was reckless when it failed to discover problems with the valuation of several of Doral’s assets. Plaintiffs, however, also allege that Doral had manipulated valuations of these assets by Morgan Stanley and Popular Securities—the valuations on which Pricewaterhouse relied. Although it may be arguable that Pricewaterhouse would have been more prudent if it had independently investigated the assumptions underlying these evaluations, the U.S. Auditing Standards expressly allow auditors to rely on outside valuations. U.S. Auditing Standard AU § 326A.21(a). Again, the more compelling inference arising from this constellation of facts is that Doral deceived Pricewater-house with its manipulated “independent” valuations, rather than that Pricewater-house was reckless in its audits.
Finally, plaintiffs allege that Price-waterhouse was reckless when it failed to identify problems with Doral’s internal controls to prevent fraudulent financial statements. However, we have specifically held that failing to identify problems with internal controls does not establish reckless behavior under Section 10(b). *721 Novak, 216 F.3d at 309 (“[T]he failure of a non-fiduciary accounting firm to identify problems with the defendant-company’s internal controls and accounting practices does not constitute reckless conduct sufficient for § 10(b) liability.”). In any event, plaintiffs allege that Doral overrode several of its controls — including when managers manipulated the required independent valuations of certain securities. Even if Pricewaterhouse should have reported potentially problematic controls, plaintiffs’ allegations that Doral consciously and continually attempted to override those controls undermines any inference of Price-waterhouse’s recklessness.
Although plaintiffs’ allegations that Pricewaterhouse was reckless are arguably “plausible” under the general pleading standards established by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the PSLRA requires in this litigation context more than mere plausibility. Instead, the allegations must create an inference “at least as compelling as any opposing inference one could draw from the facts alleged.” Tellabs, Inc., 551 U.S. at 324, 127 S.Ct. 2499. Because the competing inference that Pricewaterhouse was deceived is stronger than the inference that they were reckless, we conclude that plaintiffs’ complaint does not meet the pleading requirements of the PSLRA, and therefore that it was proper for the District Court to dismiss it.
CONCLUSION
We have considered all of plaintiffs arguments and find them to be without merit, substantially for the reasons stated in the District Court’s well-reasoned opinion. In re Doral Financial Corp. Securities Litigation, 563 F.Supp.2d. 461 (S.D.N.Y.2008). Accordingly, the judgment of the District Court is AFFIRMED.

. In Tellabs, Inc., the Supreme Court expressly rejected the Seventh Circuit’s argument that engaging in this comparative inquiry is comparable to engaging in the finding of facts and usurping the authority of the jury and therefore is a violation of the Seventh Amendment right to a jury trial in civil cases. Tel- *720 labs, Inc., 551 U.S. at 326-27, 127 S.Ct. 2499. The Court explained:
[T]he Seventh Circuit explained that the court thought it wise to adopt an approach that could not be misunderstood as a usurpation of the jury’s role. In our view, the Seventh Circuit’s concern was undue. A court's comparative assessment of plausible inferences, while constantly assuming the plaintiff's allegations to be true, we think it plain, does not impinge upon the Seventh Amendment right to jury trial.
Id. (internal alterations, citations, and quotation marks omitted).